UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG NGUYEN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PATRICK EATON, Warden,<br><br>　　　　Respondent. | Case No. 22-cv-02656 BLF (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; TERMINATING OTHER MOTIONS AS MOOT**<br><br>(Docket Nos. 2, 3, 5, 6) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state sentence. Dkt. No. 1. Petitioner has filed a motion for leave to proceed *in forma pauperis*, Dkt. No. 6, and related motions, Dkt. Nos. 2, 3, 5.

**DISCUSSION**

**I.　Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II.  Analysis

Petitioner claims he was not afforded a full and fair hearing for his resentencing hearing under Senate Bill 1437[1], and that the state court's denial of his petition for resentencing violated his right to due process. Dkt. No. 1 at 5-8. Liberally construed, these claims are cognizable under § 2254, and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. No. 1. The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

---

[1] California Senate Bill 1437, which became effective on January 1, 2019,
was enacted to "amend [1] the felony murder rule and [2] the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." Substantively, Senate Bill 1437 accomplishes this by amending [California Penal Code] section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability.
*People v. Martinez*, 31 Cal. App. 5th 719, 723, 242 Cal.Rptr.3d 860 (2019). In addition to amending California Penal Codes §§ 188 and 189, Senate Bill 1437 added California Penal Code § 1170.95. That statute "provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law [above] would affect their previously sustained convictions." *Id.* at 722-23.

2

not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Petitioner's motion for leave to proceed *in forma pauperis* is GRANTED. Dkt. No. 6.  The related motions shall be terminated as moot.  Dkt. Nos. 2, 3, and 5.

This order terminates Docket Nos. 2, 3, 5, and 6.

**IT IS SO ORDERED.**

Dated:  __August 4, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause; Granting IFP
PRO-SE\BLF\HC.22\02656Nguyen_osc&ifp

3