UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG NGUYEN,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK EATON, Warden,<br><br>    Respondent. | Case No. 22-cv-02656 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket No. 14) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state sentence as violating due process. Dkt. No. 1. Respondent filed a motion to dismiss the petition on the grounds that the sole claim raised therein is not cognizable on federal habeas. Dkt. No. 14. Petitioner filed an opposition, Dkt. No. 15, and Respondent filed a reply, Dkt. No. 16. For the reasons set forth below, the motion to dismiss is GRANTED.

**I. BACKGROUND**

In Contra Costa County Superior Court, a jury found Petitioner guilty of first degree murder, conspiracy to commit murder, shooting a firearm from a motor vehicle, conspiracy to shoot a firearm from a motor vehicle, street terrorism, and shooting at an occupied

motor vehicle. Dkt. No. 14 at 10 (Ex. 1)[1].  The convictions were based on two gang-related drive-by shootings, one of them fatal.  *Id.*  The jury also found that the murder, conspiracy, and shooting from a motor vehicle offenses were committed to benefit a street gang; that a principal in those offenses used a firearm resulting in the death of the victim; and that Petitioner intentionally used a firearm when shooting at an occupied vehicle.  *Id.*  The trial court sentenced Petitioner to 73 years to life in state prison.  *Id.*

On September 5, 2013, the California Court of Appeal struck the firearm enhancement imposed for shooting at an occupied vehicle, remanded the matter to the trial court for resentencing, and affirmed the judgment in all other respects on direct appeal.  *Id.* at 26.  On December 11, 2013, the California Supreme Court denied a petition for review.  *Id.* at 28 (Ex. 2).

On March 30, 2016, the California Court of Appeal denied a habeas petition filed by Petitioner.  *Id.* at 30 (Ex. 3).  On June 15, 2016, the California Supreme Court denied a petition for review.  *Id.* at 32 (Ex. 4).

In 2019, California Senate Bill 1437 amended the state's felony murder rule and natural and probable consequences doctrine as it relates to murder in order "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'"  *People v. Martinez*, 31 Cal.App.5th 719, 723, 242 Cal.Rptr.3d 860 (2019); *see also* Dkt. No. 1 at 16-17.  In addition to amending California Penal Codes §§ 188 and 189, Senate Bill 1437 added Penal Code § 1170.95 which provides a procedure for those people who were previously convicted of felony murder or murder under a natural and probable consequences theory to seek retroactive relief under the amended statutes.  *Id.*; *see also* Dkt. No. 1 at 18.

On January 2, 2019, Petitioner filed a resentencing petition pursuant to California Penal Code § 1170.95, in Contra Costa County Superior Court.  Dkt. No. 1 at 15.  On July

---

[1] Any references to exhibits are to the exhibits submitted in support of Respondent's motion to dismiss, unless otherwise indicated.  Dkt. No. 14.

17, 2019, the state court concluded that Petitioner was ineligible for resentencing as a matter of state law. *Id.* at 21. The court concluded that Petitioner did not meet the requirements of the statute for resentencing because he was convicted under an aiding and abetting theory rather than a felony murder or natural and probable consequences theory, *id.* at 22, and his murder conviction was valid under the amended law because there was evidence that he had an intent to kill when he aided and abetted and conspired with the actual killer to commit the murder, *id.* at 23. On June 3, 2020, the California Court of Appeal affirmed the superior court's order denying the resentencing petition on direct appeal. Dkt. No. 14, Ex. 5. Petitioner did not file a petition for review.

On October 20, 2020,[2] Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, alleging that the denial of his resentencing petition denied him due process. *Id.* The state high court summarily denied the petition on January 13, 2021. *Id.*, Ex. 6.

On June 28, 2021,[3] Petitioner filed a second resentencing petition pursuant to California Penal Code § 1170.95 in the Contra Costa County Superior Court, alleging that a change in state law had occurred entitling him to file a second resentencing petition. *Id.*, Ex. 7. On September 9, 2021, the state appellate court found there was no change in the law and denied the petition as successive. *Id.*

On October 20, 2021,[4] Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court, challenging the superior court's denial of his second resentencing petition as successive. *Id.*, Ex. 7. The state high court summarily denied the petition on February 23, 2022. Dkt. No. 1 at 28.

On April 26, 2022, Petitioner filed the instant federal habeas action, challenging the

---

[2] Applying the mailbox rule, Respondent uses the date Petitioner signed the petition, although it was not filed until October 29, 2020. Dkt. No. 14 at 3, citing *id.*, Ex. 5.
[3] For this petition, the court filing date is indicated as there is no proof of the date of mailing. Dkt. No. 14 at 3, fn. 4.
[4] For this date, Respondent uses the date the petition was signed rather than the court filing date as the constructive filing date. Dkt. No. 14 at 3, fn. 5.

3

denial of his resentencing petition. Dkt. No. 1 at 5. On August 4, 2022, the Court issued an order to show cause. Dkt. No. 9.

## II. DISCUSSION

### A. Legal Claim and Analysis

Respondent asserts that the petition should be dismissed for failing to raise a cognizable claim. Dkt. No. 14 at 4. Respondent asserts that habeas relief does not lie for errors of state law, and that Petitioner's claim is essentially that a state court misapplied its own state sentencing laws, which is not cognizable on federal habeas. *Id.* Respondent also asserts that Petitioner's effort to turn a state law claim into a federal law claim by asserting a due process violation should be rejected. *Id.* at 4-5. Respondent also asserts that Petitioner's attempt to attack the state court decision as arbitrary or fundamentally unfair is lacking any reasoned analysis and is again essentially alleging an error in the interpretation and application of state law. *Id.* at 5-6. Lastly, Respondent asserts that there was no due process violation. *Id.* at 6.

In opposition, Petitioner challenges the rulings made by the superior court as "clearly arbitrary and capricious," violating his right to due process under the Fourteenth Amendment. Dkt. No. 15 at 2. Petitioner asserts that the superior court "embellishe[d]" his trial record and added exaggerations to decide that Petitioner was not entitled to be resentenced. *Id.* at 3. Petitioner asserts that the state judge should have recused herself, but instead proceeded to "engage[] in supposition to support her finding that [Petitioner] was a gang member, and therefore MUST HAVE aided and abetted the murder" although there was no evidence at trial to support that finding. *Id.* at 4-5 (original emphasis). In reply, Respondent asserts that Petitioner's opposition is non-responsive and merely repeats the merits of his claim under state law. Dkt. No. 16 at 1. Respondent asserts that the very fact that Petitioner repeats the state law bases for his claim confirms their assertion that Petitioner raises only state-law challenges in his federal petition. *Id.*

4

Having reviewed the papers in this matter, the Court concludes that the sole claim in the instant petition fails to state a cognizable federal claim. The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's challenge to the state court's denial of his resentencing petition under Penal Code § 1170.95 only involves the interpretation and application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). The fact that Petitioner attempts to characterize his claim as a violation of his federal constitutional right to due process, without more, is not sufficient. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). A federal court can disturb on due process grounds a state court's procedural or evidentiary ruling only if the ruling was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995)

This Court is bound by a state court's interpretation of state law in habeas corpus, including one announced on direct appeal of the challenged conviction. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988). On direct appeal, the state appellate court found there was sufficient evidence to establish that Petitioner was a member of a street gang, the killing was done to benefit the gang, and that Petitioner was part of the conspiracy to commit the murder in a drive-by shooting. Dkt. No. 14 at 11-15. When Petitioner filed a petition for resentencing under Penal Code § 1170.95, the trial court denied the petition because he was not entitled to relief, not having been convicted of felony murder or murder under a natural and probable consequences theory. *Id.* at 49. Rather, Petitioner was convicted based on the findings that the murder was: "(1) willful, deliberate, and premeditated; (2) committed by lying in wait; and (3)

committed by shooting a firearm from a motor vehicle." *Id.* The state court further found that there was evidence "that a reasonable trier of fact could find that [Petitioner], with the intent to kill, aided and abetted the actual killer in committing the murder…" and that Petitioner "conspired to commit the murder, and that the 'jury's guilty verdict on that count supports this conclusion.'" *Id.* When Petitioner appealed this decision, the state appellate court found no arguable issues for reversal on appeal. *Id.* at 50. Petitioner's petition based on a change in law was denied as successive, and because he failed to demonstrate any facts or arguments to overcome the state court's previous holdings. *Id.* at 79. Based on this record, Petitioner has failed to establish that the state courts' rejection of his resentencing claim was arbitrary and capricious.

The state courts clearly found that Petitioner was not entitled to resentencing under Penal Code § 1170.95. But even if the state courts misapplied Penal Code § 1170.95 to deny relief, Petitioner does not present a federal habeas claim. Other district courts have reached the same conclusion and found that a state court's alleged misapplication of Penal Code § 1170.95 does not present a federal habeas claim. *See*, *e.g.*, *Harris v. Cisneros*, 2022 WL 1082015, at *3 (N.D. Cal. 2022) (dismissing section 1170.95 claim because petitioner could not show state court's decision was arbitrary and capricious); *Gomez v. Godwin*, 2021 WL 871984, at *1-2 (C.D. Cal. 2021) (same); *Blacher v. Pollard*, 2020 WL 8484690, at *3 (N.D. Cal. 2020) (same); *see also McCavitt v. Covello*, 2022 WL 17813204 at *2-3 (recommending dismissal of section 1170.95 claim in part because petitioner could not show the state court's decision was arbitrary and capricious, citing *Blacher*). Accordingly, the petition must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition is **GRANTED**. Dkt. No. 14. The instant petition for a writ of habeas corpus is **DISMISSED** for failure to state a cognizable claim.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 14.

**IT IS SO ORDERED.**

Dated:      August 16, 2023

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss; Denying COA
P:\PRO-SE\BLF\HC.22\02656Nguyen_grant.mtd(non-cog)

7